IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00690-LTB-BNB

STEVEN C. SCHROER,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.
_____

**ORDER**
_____

This matter is before me on the plaintiff's **Motion for Protective Order** [Doc. # 16, filed 9/27/2007] (the "Motion"). The Motion is DENIED.

The plaintiff requests that I enter a blanket protective order to allow the efficient production between the parties of confidential information while restricting the distribution of that confidential information outside of this litigation. In Gillard v. Boulder Valley School District, 196 F.R.D. 382 (D. Colo. 2000), I set out certain requirements for the issuance of a blanket protective order such as the one sought here. Among other things, I require that any information designated by a party as confidential must first be reviewed by a lawyer and that the designation as confidential must be "based on a good faith belief that [the information] is confidential or otherwise entitled to protection" under Fed. R. Civ. P. 26(c)(7). Gillard, 196 F.R.D. at 386.

In this case, the plaintiff is proceeding *pro se*. Consequently, the protections from abuse afforded by requiring that information be reviewed by a member of the bar of this court before it is marked as confidential are not present. In addition, the protective order proposed by the

plaintiff here would allow a party to designate as confidential "information regarding plaintiff's tax records, other private financial information, and other non-public information regarding plaintiff's personal affairs." Proposed Protective Order [Doc. # 17]. That definition of confidential information is substantially more broad than is allowed by Fed. R. Civ. P. 26(c)(7) and Gillard, which limit what may be designated as confidential to "a trade secret or other confidential research, development, or commercial information," Fed. R. Civ. P. 26(c)(7), and "information that is confidential and implicates common law and statutory privacy interests." Gillard, 196 F.R.D. at 387-88. More to the point here, and as the United States points out, the plaintiff's "personal financial circumstances, and the actions that he took (or failed to take) during the tax years at issue will be highly material and relevant to the outcome of the case." Opposition to Motion for Protective Order [Doc. # 21, filed 10/15/2007] at p.2. By bringing this action for refund, the plaintiff has put directly at issue the "tax records, other private financial information, and other non-public information regarding plaintiff's personal affairs" which otherwise might be viewed as confidential.

No good cause exists for the entry of a blanket protective order in the form proposed by the plaintiff.

IT IS ORDERED that the Motion is DENIED.

Dated October 15, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge