IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00690-LTB-BNB

STEVEN C. SCHROER,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

## STIPULATION AND PROTECTIVE ORDER

The Plaintiff and Defendant agree and stipulate to be bound by the terms of this Stipulation and Protective Order (hereafter "Protective Order"), and, for good cause shown in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which may improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, the Court orders as follows:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.



3127416.1

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated confidential (such information being referred to herein as "Confidential Information") falls within the scope of one of the following categories:

(a) documents produced by third-party deponents Fitch, Even, Tabin & Flannery ("FETF") and/or Gerald J. Prokaski to the United States in response to subpoenas issued by authority of the United States District Court for the Northern District of Illinois on or about January 8, 2008 in this case, to the extent that such documents are properly designated as confidential by FETF and/or Gerald J. Prokaski under paragraph 7, below, but only to the extent that such documents reflect or refer to internal financial, management or proprietary information of FETF or of its partners other than Steven C. Schroer, and with the express limitation that documents that reflect or refer to information pertaining solely to Steven C. Schroer, his partnership interest in FETF, or his financial circumstances (including, but not limited to draws, payments, distributions, earnings, contributions, investments or loans relating to Mr. Schroer) do not fall within the scope of this category and shall not be deemed confidential under this order;

(b) deposition testimony of FETF (through its designees) and Gerald J. Prokaski, to the extent properly designated as confidential by FETF and/or Gerald J. Prokaski under paragraph 8, below, but only to the extent that such testimony reflects or refers to internal financial, management or proprietary information of FETF or of its partners other than Steven C. Schroer, and with the express

3127416.1

limitation that testimony that reflects or refers to information pertaining solely to Steven C. Schroer, his partnership interest in FETF, or his financial circumstances (including, but not limited to draws, payments, distributions, earnings, contributions, investments or loans relating to Mr. Schroer) does not fall within the scope of this category and shall not be deemed confidential under this order;

(c) documents produced by Plaintiff, or by his former spouse Elisabeth Fischer, in response to discovery requests of the United States made in this case, to the extent properly designated as confidential by the Plaintiff under paragraph 7, below, but only to the extent that such documents reflect or refer to (1) non-financial, non-public personal information regarding the Plaintiff, his ex-spouse Elisabeth Fischer, or the Plaintiff's immediate family members of an especially private or embarrassing nature, such as medical diagnoses or other medical records pertaining to these individuals, and with the express limitation that documents that reflect or refer to information pertaining to the Plaintiff's personal financial circumstances (or those of Ms. Fischer) do not fall within the scope of this category and shall not be deemed confidential under this order; or (2) internal financial, management or proprietary information of FETF or of its partners other than Steven C. Schroer (such as an FETF partnership agreement or documents containing financial information concerning partners of FETF other than Mr. Schroer), and with the express limitation that documents that reflect or refer to information pertaining solely to Steven C. Schroer, his partnership interest in FETF, or his financial circumstances (including, but not limited to draws, payments, distributions, earnings, contributions, investments or loans relating to

Mr. Schroer) do not fall within the scope of this sub-category and shall not be deemed confidential under this order.

4. Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case; however, and specifically, this Protective order shall not be deemed to limit the right of any party:

(a) to file documents containing Confidential Information in support of or opposition to any motion filed herein, ~~if such party has first given at least 10 days prior notice of such intended use, such that all other parties are afforded the opportunity to move to have such information sealed~~ pursuant to D.C.COLO.LCivR 7.2 and/or 7.3 ~~prior to such filing~~; [PMP]

(b) to elicit, and to offer into evidence, testimony at trial that may include Confidential Information;

(c) to offer documents containing Confidential Information into evidence at trial, pursuant to any procedures which may be established by the district judge. ~~if such party has given at least 10 days prior notice (for example, in the pretrial order or via an exhibit list) of the intent to offer such evidence, such that all other parties are afforded the opportunity to seek relief pursuant to D.C.COLO.LCivR 7.2 and/or 7.3 relative to such use, or pursuant to such~~ procedures as may be established herein pursuant to D.C.COLO.LCivR 43.1. [PMP]

5. Confidential Information contained in documents shall not, without the consent of the party producing it (or, in the case of deposition testimony, without the consent of the party designating such testimony as confidential) or further Order of the Court, be disseminated or otherwise disclosed except that such information may be disclosed to:

3127416.1

(a) attorneys actively working on this case; employees of counsel for the parties, or to employees of the parties, who have direct functional responsibility, or supervisory authority, for the preparation of, and trial of, the above-captioned civil action;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties and designated representatives for the entity defendants;

(d) expert witnesses and consultants (and their regular staff) retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses, so long as the party so using the Confidential Information has a good faith belief that such disclosure is justified by the needs of the case; and

(h) other persons by written agreement of the parties.

6. Prior to disclosing any Confidential Information to any person listed above (other than persons described in sub-paragraphs 5(a) and 5(b), above, Court Personnel or stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated. If any person declines to sign such a written acknowledgement, counsel may display Confidential Information to such person, but shall not permit such person to retain documents/materials, or any copies

3127416.1

thereof, and shall instruct such a person that he/she is not permitted to take any written notes by reference thereto, unless first signing such acknowledgment.

7. Documents, or portions therein, are designated as confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or a similar designation with a clear and equivalent meaning that communicates that a document, or portion therein, contains Confidential Information.

8. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as Confidential Information and shall be subject to the provisions of the Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential Information after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular documents/materials, or portions thereof, or deposition transcripts, or portions thereof, as confidential by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection with ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until

the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as confidential under the procedures set for in this order shall be returned to the party that designated it confidential, or the parties may elect to destroy such documents. Where a party elects to destroy documents (or portions thereof) designated as confidential under this order, the destroying party shall provide all parties with an affidavit confirming the destruction. Notwithstanding the foregoing, counsel for defendant may retain copies of documents/materials (or portions thereof) designated as confidential under the provisions of this order following the conclusion of this case to the extent required by any document retention policies of the United States Department of Justice.

11. This Protective Order may be extended, by stipulation, to apply to non-parties to this litigation producing or disclosing information in connection with this action who agree to, and/or who are ordered to be bound by this Protective Order. If discovery is sought (for example, pursuant to Fed. R. Civ. P. 45) from any non-party to this action which would require such person to produce or disclose Confidential Information, such third party may obtain the protections of this Protective Order by so stipulating with the parties to this litigation, and then by following provisions of this order for designating

3127416.1

information as confidential. The Court hereby extends the protections and obligations set forth herein to cover such a non-parties who enter into such confidentiality stipulations with all parties to this action.

12. Notwithstanding any other provisions of this order, counsel for the United States may disclose Confidential Information (and documents containing such information) to the Internal Revenue Service or any other Federal government agency as deemed appropriate.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

STIPULATED TO:

TROY A. EID
United States Attorney
MARK S. PESTAL
Assistant United States Attorney

JAMES E. WEAVER
Attorneys, Tax Division
U.S. Department of Justice, P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-4929
Facsimile: (202) 307-0054
E-mail: James.E.Weaver@usdoj.gov
*Attorney for Defendant*

Steven C. Schroer
Attorney No. 032982
1942 Broadway, Suite 213
Boulder, CO 80302
Tel: 303-402-6971
Fax: 303-402-6970
*Plaintiff*

3127416.1

IT IS SO ORDERED.

Dated this 21st day of March, 2008.

*[signature]*
Magistrate Judge Boyd N. Boland

3127416.1