IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00690-LTB-BNB

STEVEN C. SCHROER,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.
_____

**ORDER**
_____

This matter is before me on **Plaintiff's Motion to Compel Production of Documents and Related Relief** [Doc. # 59, filed 4/21/2008] (the "Motion"). The plaintiff seeks an order compelling the defendant to produce to the plaintiff, pursuant to a production request made under Rule 34, Fed. R. Civ. P., "[c]opies of all transcripts of depositions conducted in [this] action." Motion at p.1. The plaintiff also seeks an extension of the expert witness deadline. The Motion is DENIED.

I.

The plaintiff commenced this action by filing a complaint seeking "a refund of penalties and interest wrongfully imposed and collected by the IRS for tax years 2000-2002." Motion at p.2. The plaintiff estimates the value of his claim at $200,000. Scheduling Order [Doc. # 13, filed 9/13/2007] at p.9.

With respect to the discovery here at issue, I am informed as follows:

> Plaintiff is an individual taxpayer, lacking the government's unlimited means for incurring costs of trial preparation. The government, on the other hand, has conducted extensive discovery, including at least 8 depositions in Colorado, Illinois and South Carolina, and massive third-party document subpoenas. Plaintiff seeks copies of the deposition transcripts, but the government refuses to produce them.
>
> \* \* \*
>
> Although plaintiff does not have the transcripts, it is estimated that they may total as much as 1000 pages, which (at the rates charged by the government's chosen court reporting service, Atkinson-Baker, Inc.) would potentially result in unnecessary costs of some $1,480 - $4,700 to plaintiff according to Atkinson-Baker's published fees for its reporting services.

Motion at pp.2, 4.

II.

There are four provisions of the Federal Rules of Civil Procedure that are particularly relevant to the resolution of the Motion. First, Rule 30(b)(5) provides that "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28." Once the deposition has been completed and transcribed, Rule 30(f)(1) requires that "[u]nless the court orders otherwise, the officer [who conducted the deposition] must seal the deposition in an envelope or package bearing the title of the action and marked 'Deposition of [witness's name]' and must promptly send it to the attorney who arranged for the transcript or recording. The attorney must store it under conditions that will protect it against loss, destruction, tampering, or deterioration." Because of the voluminous nature of discovery materials, Rule 5(d)(1) provides that depositions and certain other specified discovery materials "must not be filed [with the court] until they are used in the proceedings or the court orders filing. . . ." Particularly relevant here is Rule 30(f)(3), which requires the court reporter, "[w]hen

2

paid reasonable charges," to "furnish a copy of the transcript . . . to any party or the deponent."

There are only a handful of cases construing these rules. The cases fall into three categories:

(1) Those cases involving a dispute as to which party must pay for the initial transcription of the deposition testimony, see, e.g., ACLI Gov't Securities, Inc. v. Rhoades, 1991 WL 270450 *3 (S.D.N.Y. Dec. 5, 1991); and Caldwell v. Wheeler, 89 F.R.D. 145, 147-48 (D. Utah 1981);

(2) Those cases where the deposition has been transcribed but one party seeks to avoid paying the court reporter for a copy of the deposition by requesting its production from another party, see, e.g., Brant v. Principal Life and Disability Ins. Co., 195 F. Supp.2d 1100, 1108 (N.D. Iowa 2002); Kinan v. City of Brockton, MA, 112 F.R.D. 206, 207 (D. Mass. 1986); and C.P.C. Partnership Bardot Plastics, Inc. v. P.T.R., Inc., 96 F.R.D. 184, 185-86 (E.D. Pa. 1982); and

(3) Those cases where the party requesting a copy of the deposition from the court reporter objects to the fee charged as not reasonable, see, e.g., Seaview Terrace, L.P. v. Diaz, 1992 WL 365805 *5 (D. Guam April 16, 1992).

This case appears to fall into the second category.

The defendant apparently noticed the eight depositions at issue; obtained transcriptions of those depositions; and paid for the cost of transcription. Although not in dispute here, the issue of who must pay the cost to transcribe a deposition sometimes arises because the expense of the initial transcription is greater than the cost merely of obtaining a copy of an already transcribed deposition. See Seaview Terrace, L.P. v. Diaz, 1992 WL 365805 at *5 (D. Guam April 16, 1992) (noting that "[a] copy of a transcription is less costly than its original"). The leading case on the issue is Caldwell v. Wheeler, 89 F.R.D. at 147-48, where the federal district court for the

3

District of Utah held:

> There is desirability in having a general rule for determining which party should pay for transcription of the original deposition in the event of a dispute. . . . If there is to be a general rule, the choice must be made between the instigating party or the party who wishes transcription when the instigating party refuses to pay. The court agrees with the rule in Kolosci [v. Lundquist, 47 F.R.D. 319 (N.D. Ind. 1969),] that generally the instigating party should pay.
>
> Prior to 1970, a study revealed that the overwhelming custom among lawyers was that the instigating party paid for the original deposition. There is no indication that this custom has changed. Thus, the legitimate expectation in lawyers noticed to a deposition is that the party scheduling it will pay for the transcription. It is usually the instigating party who determines whether or not a deposition will be taken. If that party schedules a deposition, other parties have no practical choice but to attend, even though the testimony turns out to be useless to the litigation. To generally impose the expense upon the party who elects to take the deposition may foster the salutary result that depositions will be taken only when the testimony appears necessary to the litigation and that more interviewing will be done informally by counsel, thus reducing the involvement and expense to other counsel which accompanies a formal deposition. . . .
>
> Only upon a showing of extenuating circumstances, supported by evidence, if contested, will parties instigating depositions be relieved from the duty of paying for the transcriptions.
>
> \* \* \*
>
> The extenuating circumstances may vary from case to case. Under some circumstances impecuniosity of the instigating party may justify allocating transcription costs to the requesting party. Other extenuating circumstances may be where a witness refuses to be interviewed informally, where it can be demonstrated that the testimony should be of record when first elicited, or where a party's attorney who did not instigate the deposition conducts a prolonged cross-examination. Also, consistent with the Advisory Committee Notes, the fact that a noninstigating party requests transcription is relevant to the court's exercise of discretion.

(Internal citation omitted.)

This case raises the issue dealt with by the second category of cases--whether the

4

plaintiff can avoid the cost of buying a deposition transcript from the court reporter by requiring its production pursuant to Rule 34. Under facts similar to those presented here, the court in Kinan v. City of Brockton, 112 F.R.D. at 207, ruled:

> In an argument that has a superficial logical consistency, [the plaintiff] claims that the transcripts are "documents . . . which are within the [defendant's] possession, custody and control" as those terms are used in Rule 34(a), F.R.Civ.P., and are clearly discoverable as being "matter, not privileged, which is relevant to the subject matter involved in the pending action" as provided in Rule 26(b)(1), F.R.Civ.P.
>
> Plaintiff's argument, however, is, on a closer examination of the Federal Rules of Civil Procedure, without merit. The reason is that the rules contain an explicit provision governing the obtaining of copies of depositions [quoting Rule 30(f)(2)].
>
> In my opinion, this provision precludes a party from employing the procedures of Rule 34 and 37, F.R.Civ.P, to obtain copies of depositions taken in the case from another party who has ordered transcripts and received them upon payment of the applicable fee.
>
> Accordingly, the motion to compel will be denied to the extent that it seeks an order requiring the defendant to produce copies of the transcripts to the plaintiff.

In Kinan, the judge resolved the problem by (1) invoking former Rule 30(f), which as it then existed required that deposition transcripts be filed with the court;[1] (2) ordering that the transcript be filed; and (3) making the transcript available to the plaintiff for inspection and copying from the court's file:

---

[1] Formerly, Rule 30(f) required that "[u]nless otherwise ordered by the court, [the officer conducting the deposition] shall then securely seal the deposition in an envelope . . . and shall promptly file it with the court in which the action is pending. . . ." That provision of Rule 30(f) was deleted by an amendment in 2000, and, to the contrary, Rule 5(d) now provides that "the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admissions." (Emphasis added.)

5

> The provisions of Rule 30(f) are mandatory. The original
> deposition *must* be filed in Court unless the Court orders
> otherwise. In the absence of a Court order, the parties may *not*
> dispense with this requirement by executing a waiver of the filing
> requirement.
>
> * * *
>
> Once the depositions are filed, they may be inspected by counsel
> for the parties regardless of whether or not counsel has previously
> order a copy of the transcript. In addition, the Local Rules for this
> Court provide that once filed, they also may be copied.

112 F.R.D. at 208 (original emphasis)(internal citation omitted).

Similarly, in C.P.C. Partnership, 96 F.R.D. at 185, the court enforced the requirement of former Rule 30(f) that the reporter file the transcript with the court rather than sending it to plaintiffs' counsel and held:

> Rule 30(f) of the Federal Rules of Civil Procedure provides, *inter
> alia*, that depositions shall be promptly filed with the court. . . .
>
> Since any party to an action, or, indeed, any member of the public,
> is entitled to review the entire file of record by coming to the
> Clerk's office, plaintiff's [sic] assertion that defendant Nosco has a
> "defense strategy . . . not to pay for any depositions but to review
> them in the courthouse" is meaningless. It is similarly irrelevant
> that at the taking of the deposition, defendant may have instructed
> the court reporter not to furnish him with copies of the depositions.
> Upon payment of reasonable fees, defendant Nosco could obtain
> its own copies of the depositions, Rule 30(f)(2) Fed. R. Civ. P., but
> this is simply a more expensive substitute for defendant's right to
> read the officially filed copies at the courthouse. Failure of the
> plaintiffs to file the transcripts deprives the defendant of this right.
> Plaintiffs' position is not ameliorated by their willingness to
> provide Nosco with a copy of the depositions if Nosco pays
> plaintiffs what they paid to the court reporter.

In Brant v. Principal Life and Disability Ins. Co., 195 F. Supp.2d at 1108, however, the only case raising this issue after the 2000 amendment to Rule 30(f) eliminating the requirement that deposition transcripts be filed, see note 1 supra, the court rejected the plaintiff's argument that the defendant was required to provide to him, free of charge, a copy of his deposition transcript, stating:

> Rule 30(f)(2) undermines Brant's argument that he was entitled to a copy of his deposition at ASE's expense. That rule provides, "Upon payment of reasonable charges therefor, the officer [*i.e.*, the 'officer appointed or designated under Rule 28' to take the deposition under oath, *see* FED. R. CIV. P. 30(b)(4) & 28(a)] shall furnish a copy of the transcript to the deponent." FED. R. CIV. P. 30(f)(2). Thus, Brant was not entitled to a copy of his deposition unless he paid for it.

Seaview Terrace, 1992 WL 365805, is an example of a case in the third category--where a party challenges as not reasonable under Rule 30(f)(3) the amount charged by the court reporter for a copy of the deposition. The court did not decide the issue, however, finding that the record had not been adequately developed in an inferior court, ruling:

> Rule 30(f)(2) requires that the fee be reasonable, hence the hearing on the reasonableness of the charges. Seaview claims that the alleged fee of $7.50 per page is unreasonable, inasmuch as [the defendant] has already paid for the original transcript in full. This is not a case where the question of who should pay for the original transcript is disputed, or where one party seeks the other side to pay for its copy.
> \* \* \*
> At issue is the reasonable fee Seaview must pay for a *copy*. A copy of the transcription is less costly than its original.
>
> Seaview's counsel would have better served his clients if he had provided points and authorities concerning reasonable fees in the context of Rule 30(f)(2). . . .

7

> If Seaview has a proper cause of action against the court reporter, it has appropriate remedies available. . . . Such a dispute is certainly not ripe for consideration by the Appellate Division of the District Court of Guam. Nor can this court assume that the Superior Court will overlook the distinction between the costs of transcription--or expedition fees--and the costs of a copy.

(Internal note and citations omitted.)

### III.

The only relief initially sought by the plaintiff in his Motion was an order compelling the defendant to produce the deposition transcripts pursuant to Rule 34. Contrary to the assertions of the plaintiff in support of his Motion, it is unusual for a party to attempt to compel the production of deposition transcripts from another party by means of a request for production of documents under Rule 34. I find that Rule 34, concerning the production of documents and tangible things, is not an appropriate mechanism to obtain a copy of the transcript of a deposition taken in the same action. See, e.g., Thompson v. Hoitsma, 19 F.R.D. 112, 114 (D.N.J. 1956)(holding that the Rules of Civil Procedure must be read as a whole and interpreted together). Instead, the Federal Rules of Civil Procedure contemplate that a deposition will be taken before a properly appointed officer, who will transcribe and seal the deposition and forward it to the attorney who arranged for the transcription. Fed. R. Civ. P. 30(b)(5), 30(f)(1), and 30(f)(3). Under Rule 30(f) as amended and Rule 5(d), a deposition transcript no longer is ordinarily available from the court because a transcript is not filed with the court until it is used in the proceedings or upon a court order. However, any party may obtain a copy of any deposition transcript from the officer who conducted the deposition upon the payment of a reasonable charge. Fed. R. Civ. P. 30(f)(3).

After the defendant cited the Kinan case in its response in opposition to the Motion, however, the plaintiff stated in his reply:

> [I]f the Kinan precedent cited by the government is explicitly to be followed, this court should then order the government to file the transcripts at issue with the clerk, whereupon plaintiff could inspect and copy them. Whatever the procedure is, plaintiff is entitled to inspect and copy the transcripts in the government's possession without paying a court reporter, as Kiran [sic] squarely holds.

Reply Memorandum In Support of Plaintiff's Motion to Compel [Doc. # 64, filed 4/29/2008] at pp.3-4.

After the 2000 amendments to Rule 30, it is no longer obvious that a party wishing to avoid the cost of purchasing a deposition transcript may instead review the transcript in the court's file and obtain a copy there. Instead, the Federal Rules of Civil Procedure require the filing of a deposition transcript only if the court orders the filing or if the transcript is "used in the proceeding." Fed. R. Civ. P. 5(d)(1). The rule limiting the filing of discovery materials serves at least two purposes. First, it may in certain instances protect parties and non-parties from the improper disclosure of private information.[2] For example, in Seattle Times Co. v.

---

[2]The plaintiff previously invoked this concern in his Memorandum In Support of Plaintiff's Renewed Motion for Protective Order [Doc. # 25, filed 12/20/2007] at pp.6-7, where he argued:

> This case involves a request for a refund of penalties and interest wrongfully assessed and collected by the IRS. Information regarding a citizen's tax account, including tax returns and related materials generally referred to as Federal Tax Information ("FTI") are protected by statutory and regulatory provisions assuring their confidentiality, and guaranteeing that the government may not disclose them except in extraordinary circumstances.

Although I denied the plaintiff's request for a blanket protective order which would have

Rhinehart, 467 U.S. 20, 30-33 (1984), the Supreme Court observed:

> The [civil discovery] Rules do not differentiate between information that is private or intimate and that to which no privacy interests attach. Under the Rules, the only express limitations are that the information sought is not privileged, and is relevant to the subject matter of the pending action. Thus, the Rules often allow extensive intrusion into the affairs of both litigants and third parties.
>
>               \*    \*    \*
>
> [P]retrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law, and, in general, they are conducted in private as a matter of modern practice. Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information.

(Internal citations and note omitted.)

In addition, the rule limiting the filing of discovery materials also preserves judicial resources and the resources of the parties. As the Advisory Committee Notes to Rule 5(d) indicate in connection with the 2000 amendments:

> Recognizing the costs imposed on parties and courts by required filing of discovery materials that are never used in an action, Rule 5(d) was amended in 1980 to authorize court orders that excuse filing. Since then, many districts have adopted local rules that excuse or forbid filing. . . .
>
> There is no apparent reason to have different filing rules in different districts. Even if districts vary in present capacities to store filed materials that are not used in an action, there is little reason to continue expending court resources for this purpose.

---

allowed him to mark as confidential virtually all of his financial information, see Order [Doc. # 22, filed 10/15/2007] at p.2, and Order [Doc. # 34, entered 1/11/2008] at p.1, there are important differences between the production of documents, which generally occurs privately, on the one hand, and the public filing of deposition transcripts, which would then be subject to unrestricted public access, on the other hand.

> These costs and burdens would likely change as parties make increased use of audio- and videotaped depositions. Equipment to facilitate review and reproduction of such discovery materials may prove costly to acquire, maintain, and operate.
>
> The amended rule provides that discovery materials and disclosures under Rule 26(a)(1) and (a)(2) must not be filed until they are "used in the proceeding."

The plaintiff has failed to address any basis for altering in this case the normal rule that deposition transcripts may not be filed until they are used in the proceeding, and in particular has not addressed the issues of lost privacy of witnesses or added expense to the court which may result from the filing of the deposition transcripts. It is not enough to say that the expense incurred to the plaintiff by copying the transcripts will be less if they are filed in the court than if they are not. That would be true in virtually every case, and the exceptional circumstance for the filing of deposition transcripts would swallow the general rule against filing.

Nor has the plaintiff established that copies of the depositions from the court file, if they were available, would necessarily be less expensive than copies obtained from the court reporter. The plaintiff has attached to his Motion a copy of the reporter's Rate Sheet [Doc. # 59-7, filed 4/21/2008], but that form is not readily understood. In particular, there is no fee quoted on the Rate Sheet merely for a copy of an already transcribed deposition. Nor does the plaintiff's Declaration [Doc. # 59-6, filed 4/21/2008] indicate that the plaintiff has contacted the reporter and obtained a price for such a copy.[3] The clerk of our court charges 50¢ per page for copies,

---

[3] I agree with the court in the <u>Seaview Terrace</u> case that it would be unreasonable and result in an improper windfall for a court reporter to charge the same amount for the original transcription of a deposition and for a subsequent copy of that transcription. 1992 WL 365805 at *5. There is no evidence that the court reporter is engaged in such conduct here, and the plaintiff has not argued that it is.

11

which would result in a $500 charge to copy the estimated 1,000 pages of transcripts at issue here, if they were available. There is nothing in the record now before me to establish that the plaintiff cannot obtain copies from the court reporter at the same price, virtually the same price, or a lesser price.

Even if the cost of copies from the court reporter is substantially greater, that alone would not compel the result the plaintiff seeks. For example, why should the court (and, derivatively, the public) be saddled with the added costs of scanning into its electronic CM-ECF system or otherwise storing deposition transcripts in a case where the plaintiff easily can bear the cost of acquiring them in the normal manner? It is not a certainty that the plaintiff here is entitled to save $1,000[4] at the expense of the public if he is able to pay the cost of the transcripts himself, and he has supplied no evidence to indicate that he is not able to pay either the $1,400 or $4,700 he estimates it would cost to obtain the transcripts from the court reporter. In this regard, I note that the plaintiff is not proceeding in forma pauperis, and instead is a highly compensated lawyer.[5]

As in Seaview Terrace, 1992 WL 365805 at *5, the plaintiff would have improved his argument by providing points and authorities concerning the reasonableness, in view of the requirements of Rule 30(f)(3), of the fees charged by the court reporter for copies of the already

---

[4]The plaintiff estimates that copies of the transcripts from the court reporter will cost at least $1,480. Motion at p.4. I have estimated that the cost to the plaintiff of obtaining copies of 1,000 pages from the court would be $500. Supra, p.11. The savings to the plaintiff in obtaining the transcripts from the court instead of the court reporter, if these estimates are accurate, is approximately $1,000.

[5]For example, the Scheduling Order indicates that the plaintiff had income exceeding $500,000 in tax year 2000 and more than $365,000 in each of the tax years 2001 and 2002. Scheduling Order [Doc. # 13] at p.6.

transcribed depositions, and his ability to pay those fees. The extenuating circumstances which might justify relief from the general rule that a party must obtain deposition transcripts from the court reporter upon the payment of a reasonable charge might include the inability of the party to pay the amount charged, even if reasonable; an unreasonable charge by the reporter; abusive conduct on the part of the opposing party in taking an unreasonably large number of depositions or unreasonably expanding the length of those depositions by prolonged examination; and the like. See generally Caldwell v. Wheeler, 89 F.R.D. at 147-48.

The general rule, established expressly by the Federal Rules of Civil Procedure, is that a party must obtain copies of deposition transcripts directly from the court reporter upon the payment of a reasonable charge, and not from opposing counsel or the court. The plaintiff has provided neither legal nor factual support for his request for an exception to that general rule.

IV.

Finally, the plaintiff seeks an extension of the expert witness deadline, arguing:

> Because defendant's refusal to produce the transcripts has made it impossible for plaintiff to complete potential expert reports, plaintiff also requests that the deadline for plaintiff's expert submissions (if any) be extended until 45 days after the transcripts are produced.

Motion at p.2.

The deadline to designate experts established in the Scheduling Order was January 14, 2008. Scheduling Order [Doc. # 13] at p.12. On the request of both parties, that deadline was extended to February 28, 2008, Order [Doc. # 34, filed 1/11/2008] at p.2; was extended a second time to March 28, 2008, Order [Doc. # 46, filed 2/19/2008] at p.1; was extended a third time to April 18, 2008. Order [Doc. # 55, filed 3/26/2008] at p.1; and was extended a fourth time to

13

May 16, 2008. Minute Order [Doc. # 65, filed 4/30/2008]. In not one of the requests to extend the expert deadlines previously granted did the plaintiff identify his need for deposition transcripts in order for his experts to prepare their opinions or his intention to seek those transcripts from the defendant through a request for production of documents rather than from the court reporter pursuant to Rule 30(f)(3).

A scheduling order may be amended "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In addition:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co., 986 F. Supp. 959, 980 (D.S.C. 1997); quoted with approval in Colorado Visionary Academy v. Medtronic, Inc., 194 F.R.D. 684, 687 (D. Colo. 2000).

I cannot say that the plaintiff could not, in the exercise of reasonable diligence, have met the expert disclosure deadline as four times extended. In the exercise of diligence, and once it became apparent that the defendant would not voluntarily produce the deposition transcripts which the plaintiff claims are required for the designation of experts, the plaintiff should have purchased the transcripts from the court reporter. Alternatively, the plaintiff could have raised with the defendant at an early date the issue of his intention to seek copies of the depositions through a production request, learned of the defendant's objection, and brought the problem to

14

my attention in one of the several earlier requests to extend the expert witness deadline. The plaintiff did neither.

       IT IS ORDERED that the Motion is DENIED.

       Dated May 9, 2008.

                              BY THE COURT:

                              s/ Boyd N. Boland
                              United States Magistrate Judge